UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| NATIONAL CHAIN COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 19-10420-LTS |
| SHAWNEE TRANSPORTATION SERVICES, INC. and NEW ENGLAND AUTO TRANSPORT AND TOWING, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON MOTION TO SET ASIDE DEFAULT JUDGMENT (DOC. NO. 37)

February 5, 2020

SOROKIN, J.

Now before the Court is Defendant Shawnee Transportation's ("Shawnee") motion to set aside the default judgment entered against it, Doc. No. 37, which Plaintiff National Chain Company ("National Chain") has opposed, Doc. No. 39. For the following reasons, the motion is ALLOWED.

The underlying dispute between these parties involves a rear-end collision that occurred on July 5, 2018 on Interstate Highway 90 in Massachusetts. Doc. No. 1 ¶ 10. National Chain alleges that Shawnee was responsible for delivering certain cargo to National Chain's place of business in Warwick, Rhode Island and that said cargo was irreparably damaged in the July 5, 2018 collision. Id. ¶ 8-9, 12. The instant suit was filed on March 6, 2019. Id. at 1. In its complaint, National Chain alleges that a "formal notice of claim in the amount of $214,496.70 was presented [to Shawnee] on July 13, 2018," and that "Shawnee declined the opportunity to

participate in [a] proposed Joint Survey." Id. ¶ 12-13. According to National Chain, it engaged a registered process server to serve Shawnee through its designated agent, Shawnee President Balram C. Lall. Doc. No. 39 at 2. The return of service, executed on May 24, 2019 by a registered process server, reports personal service on Mr. Lall at 50 Somerset Pl., Clifton, New Jersey. Doc. No. 12. After receiving no response from Shawnee Transportation, National Chain requested a notice of default on July 1, 2019. Doc. No. 18. On July 22, 2019, National moved for an entry of default judgment, Doc. No. 27, which was entered by the Court on August 8, 2019, Doc. No. 33. On November 6, 2019, Shawnee filed this motion to set aside the Court's entry of default judgment. Doc. No. 37. National Chain timely opposed. Doc. No. 39.

In its motion, Shawnee avers that it "never received a notice of claim from National Chain at any point following the subject accident." Doc. No. 38 at 3; Doc. No. 37-2 ¶ 17 (affidavit of Mr. Lall). Similarly, Shawnee claims that it was never contacted by National Chain to participate in a Joint Survey. Doc. No. 38 at 3; Doc. No. 37-2 ¶ 18. Shawnee also claims that Mr. Lall was not, in fact, personally served on May 16, 2019, and that "to the best of [his] memory," he was not present at 50 Somerset Place, Clifton New Jersey on May 16, 2019. Id. ¶ 21.[1] Rather, Shawnee claims that it first received notice of the instant lawsuit on July 8, 2019, "when [Mr. Lall] received a copy of the Notice from the Court of the Entry of Default Judgment." Id. ¶ 24. Upon receiving the notice on July 8, 2019, Shawnee claims that Mr. Lall immediately contacted Shawnee's insurance agent; according to his affidavit, he did not reach out to National Chain or its counsel. Id. ¶ 26. Next, Shawnee claims that Mr. Lall received

---

[1] Mr. Lall further explains in his affidavit that during the relevant time period, Shawnee was in the process of moving its headquarters from Carlstadt, New Jersey to 50 Somerset Pl., Clifton, New Jersey and that Shawnee's personnel and equipment were "dispersed among both locations." Doc. No. 38 at 4.

2

notice of National Chain's motion for default judgment, Doc. No. 27, on July 26, 2019, at which point he "sent the documents to Shawnee Transportation's insurance company to respond accordingly" on Shawnee's behalf. Doc. No. 37-2 ¶ 27. Once again, Mr. Lall did not reach out to National Chain or its counsel. Mr. Lall further states that "[h]ad [he] been made aware on May 16, 2019 that Shawnee Transportation was served with a Summons regarding the subject lawsuit, [he] would have taken immediate action[.]" Id. ¶ 30.

Under Federal Rule Civil Procedure 60(b), this Court may set aside a judgment in certain circumstances, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). When determining whether to set aside a default judgment in these circumstances, a court must weigh "factors such as the danger of prejudice to the non-movant, the length of the delay, the reason for the delay, and whether the movant acted in good faith." Davila-Alvarez v. Escuela de Medicina Universidad Cent. del Caribe, 257 F.3d 58, 64 (1st Cir. 2001). Here, "[t]he Court is not confronted with a situation here where a trial has been conducted against the other defendants or the litigation progressed significantly while defendant failed to respond." Larrabee v. Mathewson, No. CIV. 11-11853-FDS, 2013 WL 4456986, at *3 (D. Mass. Aug. 15, 2013). Moreover, "the delay in responding to the Court's notices and entry of default was not egregious; it was on the order of a few months." Id. Additionally, where, as here, "activity in the case has been fairly minimal," there is no indication that National Chain would be unduly prejudiced by litigating its case against Shawnee on the merits of the underlying dispute. Id. This is especially so given that the Court "recognize[s] the desirability of deciding disputes on their merits." Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 19 (1st Cir. 1992).

Accordingly, Shawnee's motion to set aside the default judgment (Doc. No. 37) is ALLOWED. Within 21 days of the issuance of this Order, the parties shall file a Joint Status Report addressing whether the Court should revise the schedule governing the remainder of this case.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge